UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COREYGERARD DOWDEN | CIVIL ACTION |
| VERSUS | NO. 21-1063 |
| FIDELITY BANK, *et al.* | SECTION M (2) |

## ORDER & REASONS

Before the Court is the motion of defendant Judge Ethel S. Julien to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1] The motion was set for submission on October 21, 2021.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which in this case was October 13, 2021. Plaintiff Coreygerard Dowden, proceeding *pro se*, has not filed an opposition. Although courts construe *pro se* filing liberally, *pro se* parties are still required to "abide by the rules that govern the federal courts." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (quoting *Frazier v. Wells Fargo Bank, N.A.,* 541 F. App'x 419, 421 (5th Cir.2013)).

Accordingly, because the motion to dismiss is unopposed, and it appears to the Court that the motion has merit,[3]

---

[1] R. Doc. 20.
[2] R. Doc. 20-2.
[3] Judge Julien argues that Dowden's claims against her are barred by: (1) the Eleventh Amendment; (2) the *Rooker-Feldman* doctrine; and (3) absolute judicial immunity. R. Doc. 20 at 1. Each of her arguments may have sufficient merit, standing alone, to warrant the dismissal of the claims against her. Nevertheless, the Court, even sua sponte, has a duty to examine the basis of its subject-matter jurisdiction, which in this case was pleaded as diversity under 28 U.S.C. § 1332. *See Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004). "The burden is on the party invoking federal jurisdiction to plead a basis for such jurisdiction." *Thomas ex rel. Charles Thomas Ins. Agency, L.L.C. v. Allstate Ins. Co.*, 2014 WL 1389637, at *1 (E.D. La. Mar. 28, 2014) (examining pleaded subject-matter jurisdiction and finding complete diversity lacking) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). Dowden has not borne this burden. On the face of Dowden's complaint and its two

IT IS ORDERED that the motion of defendant Judge Ethel S. Julien to dismiss (R. Doc. 20) is GRANTED for lack of subject-matter jurisdiction. Given the absence of subject-matter jurisdiction over the case, it is DISMISSED in its entirety.

New Orleans, Louisiana, this 18th day of October, 2021.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

amendments, complete diversity is lacking. All named defendants are Louisiana citizens. R. Docs. 1 at 2; 14 at 1; 17 at 1. In the complaint, Dowden provides a Louisiana address for himself, but on the civil cover sheet accompanying the complaint, he checked the box marked "citizen or subject of a foreign country." *See* R. Docs. 1 at 1; 1-1. Dowden, however, fails to include in the allegations of his complaint any support for the notion that he is a citizen or subject of a foreign country, or, for that matter, of any state other than Louisiana. *See* R. Doc. 1. Hence, Dowden has not sufficiently pleaded complete diversity of citizenship. Absent subject-matter jurisdiction, the case must be dismissed.